UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES H. OWENS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-cv-245 |
| | ) | *Judge Mattice* |
| | ) | |
| SHERIFF DAVID RAY | ) | |
| and NURSE TERESA JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff James H. Owens, Jr. ("plaintiff"). The matter is before the Court on the motion to dismiss filed by defendant David Ray and the motion for summary judgment filed by defendant Teresa Johnson. For the following reasons, the motion to dismiss [Doc. 6] and the motion for summary judgment [Doc. 9] will be **GRANTED**.

I. Standards of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff.

*Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.  Factual Background

Plaintiff is an inmate in the Claiborne County Jail. The defendants are Claiborne County Sheriff David Ray and jail nurse Teresa Johnson. Plaintiff alleges that he has been

3

diagnosed with Hepatitis C and told he needs injections to treat the disease, but has not received the required injections nor otherwise received treatment. Plaintiff further alleges that lack of proper treatment of Hepatitis C can result in liver damage, damage to other organs, and possibly death. After the dispositive motions were filed, plaintiff provided the Court with copies of his medical records, apparently in response to the dispositive motions and in an attempt to prove that he in fact suffers from Hepatitis C.

III. Discussion

The Eighth Amendment's ban against cruel and unusual punishment obliges correctional authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the Estelle standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate

indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. at 836).

Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care. "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

### A. Defendant David Ray

Plaintiff makes no factual allegation that defendant Ray acted or failed to act with respect to plaintiff's civil rights. Specifically, plaintiff does not allege that defendant Ray was aware of plaintiff's medical condition or that he refused to allow treatment for plaintiff's

5

condition. Plaintiff merely alleges that "[t]he staff and nurse at this jail has not provided me with the required injections." [Doc. 2, Complaint, pp. 3-4].

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))

In addition, plaintiff does not state whether defendant Ray is sued in his individual or official capacity. Accordingly, the Court must presume that defendant Ray has been sued in his official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Because defendant Ray has been sued only in his official capacity as Sheriff of Claiborne County, the Court must proceed as if plaintiff has in fact sued Claiborne County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail plaintiff must demonstrate that the violation of his constitutional

rights resulted from acts representing official policy or custom adopted by Claiborne County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

Plaintiff does not allege that the violation of his rights was the result of any policy or custom on the part of the county. Based upon the foregoing, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant David Ray. Accordingly, the motion to dismiss filed by defendant Ray will be **GRANTED**.

### B. *Defendant Teresa Johnson*

As noted, plaintiff alleges that the jail nurse has not given him the required injections. The medical records provided by plaintiff suggest that he was diagnosed with Hepatitis C in January, 2012. [Doc. 13, Response, Attachment 1, Medical Records]. Defendant Johnson has submitted her affidavit in support of her motion for summary judgment; plaintiff's medical records from the Claiborne County Jail are attached as exhibits to the affidavit. [Doc. 10, Affidavit of Teresa Johnson; Exhibits A-U].

Defendant Johnson testifies that she is employed by Claiborne County, Tennessee, to provide nursing services at the jail. [*Id*. at 1]. Plaintiff was booked into the Claiborne County Jail on July 20, 2012. [*Id*.]. At that time, a correctional officer completed a medical questionnaire for plaintiff, in which plaintiff reported a history of Hepatitis C but denied being under doctor's care and further did not report any medical problems. [*Id*. at 1-2]. Plaintiff had a physical on July 30, 2012, and did not raise any concerns about his Hepatitis C. [*Id*. at 2]. On August 4, 2012, plaintiff submitted a request for medication and was

7
Case 3:13-cv-00245-HSM-CCS   Document 18   Filed 02/04/14   Page 7 of 11   PageID #: 142

advised to have his family bring in evidence of his current medications. [*Id*.]. That was done and plaintiff was started on various medications, none of which were for Hepatitis C. [*Id*.].

On October 10, 2012, plaintiff submitted a medical request for shots for Hepatitis. [*Id*.]. Defendant Johnson told plaintiff she would need the name of the doctor who was treating him for that condition and what treatments he had received. [*Id*. at 3]. Plaintiff did not provide the information. [*Id*.]. From October, 2012, through March, 2013, plaintiff submitted various medical requests, none of which were related to Hepatitis C. [*Id*. at 3-4].

On March 31, 2013, plaintiff submitted a grievance in which he sought treatment for Hepatitis C. [*Id*. at 4]. As a result of the grievance, Dr. Rose ordered laboratory testing for plaintiff and he was sent to the hospital for testing on April 4, 3013. [*Id*. at 5]. At that time, defendant Johnson told plaintiff they also needed his medical records with respect to his past tests and treatment for Hepatitis C, but plaintiff refused to provide any information or to sign an authorization for medical records. [*Id*.]. The laboratory results from April 4, 2013, showed very mild elevations in plaintiff's liver function and, as a result of the testing, Dr. Rose did not order any additional testing or treatment. [*Id*.].

On April 16, 2013, plaintiff requested medical treatment and wanted to know the results of his laboratory tests. [*Id*.]. Defendant Johnson advised plaintiff the following day that his results were good and that no further treatment had been ordered. [*Id*.]. On July 18, 2013, plaintiff asked for the medical release form for obtaining his medical records and a release was sent to him. [*Id*. at 6]. On July 24, 2013, defendant Johnson had plaintiff brought to her office to see if he had completed the release; he told her he did not receive it

8
Case 3:13-cv-00245-HSM-CCS Document 18 Filed 02/04/14 Page 8 of 11 PageID #: 143

and was given another copy. [*Id*.]. Defendant Johnson testifies that during her interactions with plaintiff she "specifically advised him that he needed to present information relating to the claimed Hepatitis C diagnosis and treatment if he wanted Dr. Rose to provide additional medication or evaluation for that condition. Mr. Owens did not provide any such information." [*Id*.]. Defendant Johnson further testifies:

> Based upon my interactions with Mr. Owens and my nursing judgment and experience, I did not see evidence that Mr. Owens was suffering from any serious medical condition relating to Hepatitis C. Additionally, his laboratory results did not indicate any significant liver function issues, and I would not have been able to provide Mr. Owens with any treatment relating to Hepatitis C without a specific physician order for that.

[*Id*.]. Plaintiff's medical records from the Claiborne County Jail support defendant Johnson's testimony.

Plaintiff has not filed a response to the motion for summary judgment, other than to provide the Court with copies of his medical records prior to his confinement in the Claiborne County Jail. [Doc. 13, Response, Attachment 1, Medical Records]. These records confirm that he was diagnosed with Hepatitis C prior to his arrival at the Claiborne County Jail on July 20, 2012; the records do not show, however, that he was receiving treatment for his condition. On January 18, 2012, a health care provider with Cherokee Health Systems discussed the diagnosis with plaintiff and advised plaintiff what medications to avoid; he was also instructed to "see a GI when he gets his insurance in April." [*Id*. at 6]. The records further show that plaintiff informed a health care provider with Cherokee Health Systems on April 11, 2012, "that he has no health insurance" and "cannot see a GI doctor until he gets insurance." [*Id*. at 1].

9

Based upon the foregoing, plaintiff has not demonstrated that defendant Johnson was deliberately indifferent to plaintiff's serious medical needs. Plaintiff clearly has Hepatitis C. There is nothing in the record, however, other than plaintiff's self-serving statements, to suggest that he needs injections or other treatment for his Hepatitis C. Plaintiff was in fact seen by Dr. Rose, who did not order additional tests or treatment. In addition, plaintiff refused to provide the jail medical staff with any information concerning any treatment he was receiving prior to his confinement in the Claiborne County Jail.

Plaintiff has failed to provide the court with evidence that the defendant's alleged failure to treat his Hepatitis C constituted deliberate indifference to a serious medical need. *See Napier v. Madison County, Kentucky*, 238 F.3d 739 (6th Cir. 2001). "Specifically, we adopt the holding in *Hill* that '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id*. at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)). *See also Rumsey v. Martin*, 28 F. App'x 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions"). Under the circumstances, the court finds that defendant Johnson is entitled to judgment as a matter of law and her motion for summary judgment will be **GRANTED**.

IV.     Conclusion

The motion to dismiss filed by defendant David Ray and the motion for summary judgment filed by defendant Teresa Johnson will be **GRANTED** and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE